IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| RICARDO DAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-05037-MDH |
| ) | |
| N & R OF JOPLIN, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant N & R of Joplin's ("Defendant's") Rule 12(b)(6) Motion to Dismiss ("Defendant's Motion") (Doc. 5) and corresponding Suggestions in Support of Defendant's Motion. (Doc. 6). The Court has reviewed briefing from all parties and the matter is now ripe for review. For reasons herein, Defendant's Motion is **DENIED.**

**BACKGROUND**

Plaintiff Dailey ("Plaintiff") alleges Defendant, a former employer, discriminated and retaliated against Defendant on the basis of race, ancestry, and ethnicity, violating 42 U.S.C. § 2000(e), et seq. ("Title VII") and 42 U.S.C. § 1981, et seq. (Doc. 1). Specifically, Plaintiff alleges three counts: Count One alleges discrimination and retaliation under Title VII; Count Two alleges general racial discrimination-based violations of 42 U.S.C. § 1981; and Count Three alleges retaliation under 42 U.S.C. § 1981. (Doc. 1). Plaintiff asserts he is a United States citizen of Filipino descent. (Doc. 1 at ¶ 4). Plaintiff alleges Defendant hired Plaintiff as a transport certified nurse assistant ("CNA") at a nursing home, but Plaintiff employed Defendant as a night CNA. (Doc. 1 at ¶ 19). Plaintiff alleges managers denied Plaintiff's requests to transition to transport

1

CNA role. (Doc. 1 at ¶ 20). Plaintiff claims Defendant stated it denied Plaintiff's requests because Plaintiff lacked a commercial driver's license ("CDL") and was not a certified medical technician ("CMT"). (Doc. 1 at ¶¶ 21, 22). Plaintiff claims he was in fact a CMT and possessed a CDL when Defendant denied Plaintiff's request. *Id*. Plaintiff also claims Defendant knew or should have known about Plaintiff's CDL and CMT status. *Id*. Plaintiff further alleges, "during Plaintiff's employment, four white individuals were awarded the transport position over Plaintiff. At least one of the individuals hired over Plaintiff held only a driver's license and did not have a CMT or CDL." (Doc. 1 at ¶ 23).

Plaintiff claims "when [he] complained to management about the discriminatory and unsafe behavior throughout his employment nothing was done and instead, Plaintiff was subjected to retaliatory actions by management and unjustly terminated." (Doc. 1 at ¶ 28). Plaintiff further claims Defendant held Plaintiff "to different work standards than white employees." (Doc. 1 at ¶ 29). Plaintiff also asserts "Plaintiff was given a significantly larger load of patients than other [CNAs] and was also disciplined for other instances that other employees were not disciplined for." (Doc. 1 at ¶ 30). Plaintiff alleges he has suffered various damages because of "the discrimination and retaliation to which Defendant has subjected Plaintiff". (Doc. 1 at ¶ 34). Under Count I, Plaintiff alleges Defendant's actions "were outrageous and showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and therefore Plaintiff is entitled to punitive damages from Defendant." (Doc. 1 at ¶ 59). Under Counts II and III, Plaintiff alleges "the actions of Defendant were willful, wanton, and with malice or reckless disregard for the rights of Plaintiff, entitling him to punitive damages". (Doc. 1 at ¶¶ 67, 73).

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendant's Motion raises four arguments: 1) Plaintiff failed to exhaust all administrative remedies under Count I; 2) Plaintiff makes conclusory allegations with insufficient facts regarding a hostile work environment under Counts I and II; 3) Plaintiff makes conclusory allegations with insufficient facts regarding retaliation under Counts I and III; and 4) Punitive damages are statutorily unavailable for Count I.

## I. Plaintiff has Sufficiently Alleged he Exhausted all Administrative Remedies Under Count I for 12(b)(6) Purposes

Before suing under Title VII, a plaintiff must first file a charge with the Equal Employment Opportunity Commission ("EEOC"). *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019). After filing an EEOC charge but before suing, a plaintiff must obtain a right-to-sue letter from the EEOC. *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Failure to include employer's formal legal name with perfect accuracy in EEOC charge does not warrant dismissing Title VII age discrimination claim. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 401 (7th Cir. 2019).

Defendant argues Plaintiff failed to exhaust all administrative remedies as required by law before alleging Title VII discrimination and retaliation. (Doc. 6 at 2-3). Specifically, Defendant argues Plaintiff's suit is improper before this Court as Plaintiff's right to sue letter lists as employer "Health Systems Inc.", not N & R of Joplin, LLC. (Doc. 6 at 3). Plaintiff argues he initially filed a charge dually with the Missouri Commission on Human Rights ("MCHR") and EEOC listing "Health Systems" as the respondent and claiming in the body of the text Plaintiff worked at Joplin Gardens. (Doc. 11 at 3). Plaintiff then argues the MCHR requested Plaintiff file an amended charge listing as employer "N & R of Joplin d/b/a Joplin Gardens." (Doc. 1 at 3). Plaintiff argues after filing the amendment "MHRC should have dually filed with the EEOC." (Doc. 1 at 3). Plaintiff attached to his complaint the right to sue letter listing Health Systems Inc. as employer. (Doc. 1 at Ex. A). Plaintiff claims he inadvertently omitted the amended charge as a complaint exhibit. (Doc. 11 at 3). Plaintiff included as an exhibit on his reply brief a document on MCHR letterhead titled "Notice that an Amended Complaint Has Been Filed." (Doc. 11 at Ex. 1). Plaintiff asserts he has

4

fulfilled his statutory obligations. (Doc. 11 at 3). Defendant in turn asserts this Court may not consider Plaintiff's argument or exhibit in the response briefing. (Doc. 18 at 1-2).

Though courts may generally not consult documents outside pleadings for Rule 12(b)(6) motion purposes, "'documents necessarily embraced by the complaint are not matters outside the pleading.'" *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Enervations, Inc. v. Minn. Min. & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (*quoting Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)).

Though Defendant argues the right-to-sue letter shows Plaintiff failed to exhaust administrative remedies, Defendant has questioned the authenticity of neither the right to sue letter nor the amendment notice attached to Plaintiff's response brief. Nor does Defendant argue it lacked notice of Plaintiff's Title VII claims. Plaintiff's complaint alleges "Plaintiff received his right to sue letter on March 8, 2022." (Doc. 1 at ¶ 14). The complaint also alleges Plaintiff filed a discrimination charge against "the Defendant named herein" with the MCHR and EEOC. (Doc. 1 at ¶ 13). MCHR documents reflecting an amendment to join a party not originally named in a discrimination charge are necessarily embraced by Plaintiff's allegations in the complaint. Further, courts have held failure to perfectly list all parties' legal names in an EEOC discrimination charge is not on its own grounds for 12(b)(6) dismissal. *See Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 401 (7th Cir. 2019) ("[cases with similar holdings] illustrate both the human tendency to use the informal names we use in common parlance…and the legal challenges that can arise in identifying the legally correct employer in complex business arrangements…"). Granting

5

Defendant's Motion regarding failure to exhaust administrative remedies, would be at odds with Title VII jurisprudence permitting under limited circumstances an imprecise recitation of the employer's legal name in the EEOC charge. The complaint's allegations, right-to-sue letter, and MCHR notice of amendment collectively, constitute adequate evidence of Plaintiff's exhaustion of administrative remedies for 12(b)(6) purposes.

### II. Plaintiff Pled Sufficient Facts to Make a Prima Facie Race-Based Hostile Work Environment Case Under Title VII and 42 U.S.C. § 1981

The Eighth Circuit held establishing a "Title VII race-based hostile work environment claim, a plaintiff must show that: (1) he or she is a member of a protected group; (2) he or she is subjected to unwelcome race-based harassment; (3) the harassment was because of membership in the protected group; and (4) the harassment affected a term, condition, or privilege of his or her employment." *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 892 (8th Cir. 2005) (*citing Diaz v. Swift–Eckrich, Inc.*, 318 F.3d 796, 800 (8th Cir. 2003). "To decide whether a work environment is objectively offensive, that is, one which a reasonable person would find hostile or abusive, we examine all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance." *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 892–93 (8th Cir. 2005) (citing *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 759 (8th Cir.2004)). Courts analyze Title VII and 42 U.S.C. § 1981 hostile environment claims according to the same standard. *Eliserio v. United Steelworkers of Am. Loc. 310*, 398 F.3d 1071, 1076 (8th Cir. 2005) (citations omitted).

Defendant argues Plaintiff's allegations in Counts I and II regarding race-based hostile work environment claims are insufficient, amounting to only conclusory statements. (Doc. 6 at 3-4). Specifically, Defendant argues Plaintiff failed regarding the second and fourth prongs of the Eighth Circuit's test, suggesting insufficient allegations to establish unwelcome race-based harassment impacting an employment term, condition, or privilege. (Doc. 6 at 4). Plaintiff argued generally that Plaintiff's claims are sufficient.

Albeit somewhat vague, Plaintiff alleges sufficient facts to establish the second and fourth prongs of the Eighth Circuit's test. Plaintiff claims he was regularly denied promotion based on managers' incorrect belief about Plaintiff's licensure. (Doc. 1 at ¶ ¶ 21-4). Plaintiff claims he informed managers about the incorrect belief and complained regularly about lack of promotion. *Id*. Plaintiff claims managers subjected Plaintiff to more demanding work conditions than other employees and held Plaintiff to different standards than white employees. (Doc. 1 at ¶ ¶ 29-30). Plaintiff asserts managers' actions constitute "a pattern and practice of discrimination and harassment." (Doc.1 at ¶ 49). Plaintiff also cites managers' alleged efforts to prevent promotion as one example of Defendant's abusive environment. (Doc 1 at ¶ ¶ 63-64). These claims taken together constitute sufficient evidence of unwelcome race-based harassment impacting an employment term, condition, or privilege for Rule 12(b)(6) purposes. *Singletary* at 892.

### III. Plaintiff Pled Sufficient Facts to Make a Prima Facie Retaliation Case Under Title VII and 42 U.S.C. § 1981

A prima facie retaliation claim under Title VII and 42 U.S.C. § 1981 requires showing "'(1) the plaintiff engaged in protected conduct, including opposition to an action prohibited by Title VII; (2) [he] was subjected to an adverse employment action, and (3) there is a 'causal nexus

between the protected conduct and the adverse action.'" *Tyler v. Univ. of Arkansas Bd. of Trustees*, 628 F.3d 980, 985 (8th Cir. 2011) (quoting *Lewis v. Heartland Inns of Am., LLC*, 591 F.3d 1033, 1042 (8th Cir.2010)). "In order to allege that she engaged in statutorily protected activity, Plaintiff must plead facts indicating that she 'opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the statute.'" *Boston v. Trialcard Inc.,* No. 21-00058-CV-W-BP, 2021 WL 5514002, at *5 (W.D. Mo. Aug. 27, 2021) (quoting *Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1031 (8th Cir. 2013)). Adverse employment action for the purpose of a Title VII claim must cause a "materially significant disadvantage." *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994).

Defendant first argues Plaintiff does not allege participation in a statutorily protected activity. (Doc. 6 at 6). Specifically, Defendant claims Plaintiff failed to assert that his complaints to managers concerned alleged discrimination. *Id*. Second, Defendant argues any complaint Defendant may have lodged failed to initiate Title VII proceedings. (Doc. 6 at 6-7). Defendant also argues, if the Court finds participation in protected activity, then Plaintiff failed to suffer adverse employment action sufficient for Title VII purposes. *Id*. Plaintiff in defense argues generally Plaintiff alleged sufficient facts to make a prima facie retaliation case. Plaintiff's argument persuades.

Contrary to Defendant's claim, Plaintiff asserts he complained to managers at least twice throughout the complaint, specifically alleging Plaintiff "complained to management about the discriminatory and unsafe behavior throughout his employment." (Doc. 1 at ¶ ¶ 24, 28). Further, the Title VII opposition clause applies, rather than the participation clause, given Plaintiff claims to have filed the EEOC complaint following termination. *See Weiland v. El Kram, Inc.*, 233 F.

8

Supp. 2d 1142, 1150 (N.D. Iowa 2002) (Title VII opposition clause rather than participation clause applies when Plaintiff files EEOC complaint following termination); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) ("'participation clause' is irrelevant because [Plaintiff] did not file a charge with the EEOC until after the alleged retaliatory discharge took place."). *Whatley* and *Brower*, cited by Defendant, are of little precedential value on this specific issue, given their participation clause focus. *Brower v. Runyon*, 178 F.3d 1002, 1006 (8th Cir. 1999) (participation clause requires minimum of a complaint and beginning of Tile VII proceeding or investigation); *Whatley v. United Parcel Serv., Inc.*, No. 4:08CV01108 ERW, 2009 WL 3756624, at *8 (E.D. Mo. Nov. 6, 2009) (same holding).

Defendant's final argument is Plaintiff failed to suffer adverse employment action sufficient for purposes of Title VII. (Doc. 6 at 6-7). As Defendant claims, adverse employment action must create a "materially significant disadvantage.*" Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994). Though somewhat vague, Plaintiff alleged he "was placed in a night CNA position," "held to different work standards than white employees," and "disciplined for instances that other employees were not disciplined for." (Doc. 1 at ¶¶ 24, 25, 29, 30). Plaintiff also alleges he was provided with less assistance than other CNAs. (Doc. 1 at ¶¶ 26-7). This is sufficient, though barely, to state a claim under *Twombly* and *Iqbal*.

### IV. Punitive Damages are Available Under Some Title VII Claims

Plaintiff alleges malice or reckless indifference under Count I and requests punitive damages. (Doc. 1 at ¶¶ 58, 59). Defendant cites the 1981 case of *Lee v. Transworld Airlines*, arguing punitive damages remain unavailable for Title VII claims. (Doc. 6 at 8). Plaintiff argues the Civil Rights Act of 1991 and *Kolstad v. Am. Dental Ass'n*, allow punitive damages for Title

VII violations where employers discriminated intentionally or discriminated with malice or reckless indifference to federally protected rights, even if Title VII punitive damages were unavailable in 1981 when the District Court decided *Lee*. (Doc. 11 at 11). Plaintiff's argument persuades.

The Civil Rights Act of 1991 provides for punitive damages where employers "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C.A. § 1981a. "With the passage of the 1991 Act, Congress provided for additional remedies, including punitive damages, for certain classes of Title VII and ADA violations." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999). The employer's state of mind is salient when determining availability of punitive damages. *Id*. Though Defendant is correct the District Court in 1981 held punitive damages were unavailable for Title VII claims, the 1991 Civil Rights Act and the Supreme Court's *Kolstad* opinion overrule the District Court's *Lee* holding regarding Title VII punitive damages.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 7, 2022                            */s/ Douglas Harpool*
                                                                            **DOUGLAS HARPOOL**
                                                                            **United States District Judge**